## UNITED STATES DISTRICT COURT
### FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY F. RUTA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL NO. 3:CV-07-1832** |
| **v.** | : | |
| | : | **(JUDGE VANASKIE)** |
| **JOE MORRIS,** | : | |
| | : | |
| **Defendant.** | : | |

## M E M O R A N D U M

### I.    Introduction.

Plaintiff Kelly F. Ruta, currently confined at the Luzerne County Correctional Facility ("LCCF") in Wilkes-Barre, Pennsylvania, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging he was physically and verbally assaulted by Counselor Joe Morris.  Along with his complaint, Ruta submitted a motion to proceed in forma pauperis[1] and a request for appointment of counsel.

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

_____

[1]  Ruta completed this Court's form application to proceed in forma pauperis and authorization form.  (Dkt. Entries 7 and 8.)  An Administrative Order was issued on November 2, 2007, (Dkt. Entry 9), directing the Warden at LCCF to commence deducting the full filing fee from Ruta's prison trust fund account.

granted.  After reviewing Ruta's complaint, I am of the opinion that this case should be

dismissed, without prejudice, but that Ruta should be given leave to amend his patently

deficient complaint with respect to his claims of physical abuse.  Ruta's request for

counsel will be dismissed without prejudice.

## II.     Background.

Ruta alleges that on the morning of October 2, 2007, he was called to the

command center to meet with Lt. Pugh about possible harassment charges being filed

against him as a result of a telephone call Ruta made the night before.  (Dkt. Entry 1,

Complaint.)  Upon returning to his housing unit, Counselor Morris told Ruta that he

"won't be getting any more phone calls."  (Id.)  Counselor Morris then called Ruta out of

the housing area and proceeded

> to take [Ruta] into a clothing storage area with Lt. Pugh, CO
> Shaw and CO Posluzsny present.
> . . .
>
> At this time [Ruta] was verbaly [sic] assaulted by Counselor
> Morris then he began to provoke [Ruta] to fight him by
> pushing [Plaintiff], poking [Ruta] in the face, and then finaly
> [sic] by asking [Ruta] to do something to him.

(Id.)  Ruta stated that he was not stupid and would not be provoked.  Ruta feels he "was

assaulted both pysicaly [sic] and verbally."  (Id.)  Ruta seeks only injunctive relief, to wit,

that "Counselor Morris [be] reprimanded and the counselor system investigated."  (Id.)

III.    **Standard of Review.**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted."  In applying this statutory requirement here, we rely on the standard employed to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6), which authorizes dismissal of a complaint on basically the same ground, "failure to state a claim upon which relief can be granted."  Thus, in reviewing the legal sufficiency of Plaintiff's complaint, the Court must accept the truth of the Plaintiff's factual allegations, Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006).  A complaint "only" has to plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)(rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  Id. at 1964-65 (citation omitted). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Pro se pleadings are to be construed liberally, Haines v. Kerner, 404 U.S.

519, 520 (1972), and pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.   Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).   However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

IV.   Discussion.

      A.   Screening of the Complaint.

           Plaintiff claims that Counselor Morris (1) verbally and (2) physically assaulted him.  Initially I note that Ruta's allegations of verbal assault do not rise to the level of a constitutional violation.  Mere words spoken to a prisoner by a correctional officer, even when those words are harsh, do not amount to a violation of the prisoner's civil rights by the officer.   Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.1973); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979)(verbal harassment by threatening to hang an inmate is not sufficient to state a constitutional deprivation under § 1983). "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."   Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir.2000). Accordingly, Ruta's claim of verbal assault fails to state a cognizable claim.

-4-

Next, I will construe Ruta's claim that Counselor Morris pushed and poked him as a claim of excessive use of force in violation of the Eighth Amendment.  Under the Eighth Amendment, the use of excessive force against prisoners may constitute cruel and unusual punishment.  Hudson v. McMillian, 503 U.S. 1, 5 (1992).  Even though a plaintiff need not allege a serious injury to state a claim, the Eighth Amendment does not protect against de minimis or reasonable uses of force.  Id. at 7, 9-10.  "[T]here is no constitutional violation for 'de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.'"  Brooks v. Kyler, 204 F.3d 102, 107 (3d Cir. 2000) (quoting Hudson, 503 U.S. at 9-10).  The "use of wanton, unnecessary force resulting in severe pain," however, is actionable.  Id. at 109.  In addition, courts considering claims of excessive force have generally held that a single, isolated incident does not rise to the level of a constitutional violation. See Ostrander v. Horn, 145 F.Supp.2d 614, 618 (M.D. Pa. 2001).

In evaluating a claim of excessive use of force, the Court must take several factors into consideration, such as:

> (1) 'the need for the application of force';  (2) 'the relationship between the need and the amount of force that was used'; (3) 'the extent of injury inflicted'; (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them'   and (5) 'any efforts made to temper the severity of a forceful response.'

Brooks, 204 F.3d at 106 (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

Consistent with this standard, not all tortious conduct which occurs in prison rises to the

level of an Eighth Amendment violation.

> The constitutional protection [of the Eighth Amendment] is
> nowhere nearly so extensive as that afforded by the
> common law tort action for battery, which makes actionable
> any intentional and unpermitted contact with the plaintiff's
> person or anything attached to it and practically identified
> with it.... Although 'the least touching of another in anger is
> a battery,' ... it is not a violation of a constitutional right
> actionable under 42 U.S.C. § 1983. ... Not every push or
> shove, even if it later may seem unnecessary in the peace
> of a judge's chambers, violates a prisoner's constitutional
> rights.

Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)(emphasis added).

  Here, Ruta alleges that on October 2, 2007, Counselor Morris pushed him

and poked him in the face.  He does not elaborate as to how many times he was pushed

or poked by Counselor Morris, yet Ruta "feels" he was physically assaulted.  (Dkt. Entry

1, Complaint.)  Notably absent from Ruta's complaint is a claim that he suffered any

physical injury as a result of Counselor Morris' conduct.  Further, Ruta does not claim

that he received (or was refused) medical treatment as a result of his physical encounter

with Counselor Morris.  The absence of such allegations suggests that Ruta's injuries, if

any, were de minimis in nature and are not actionable.  See Brooks, 204 F.3d at 107 (de

minimis use of physical force does not violate the Eighth Amendment).

-6-

As the complaint presently stands, there is only Ruta's factually unsupported conclusion that he was assaulted by Counselor Morris.  The allegations of the complaint simply are not enough to state a claim of excessive force.  See Bell Atlantic Corp., supra.  However, based on the foregoing, and in the interests of justice to this pro se litigant, see Haines, supra, Ruta will be granted twenty (20) days within which to submit an amended complaint specifically defining the nature and duration of the physical contact between Counselor Morris and himself as well as the nature and extent of any injuries he incurred.  Ruta is also advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  Young v. Keohane, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).  Failure to file an appropriate amended complaint will result in the dismissal of his action without prejudice.

### B.  Motion For Appointment of Counsel.

On October 16, 2007, Ruta sent a letter to the Court requesting the appointment of counsel based on his "unfamiliarity" with filing motions, his indigence and present state of incarceration.  (Dkt. Entry 5.)  I will construe Ruta's filing as a Motion for Appointment of Counsel and will deny it without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court does have broad discretionary power to request

counsel accept an appointment under 28 U.S.C. § 1915(e)(1).  Tabron v. Grace, 6 F.3d

147, 153 (3d Cir. 1993).  In Tabron, the Third Circuit announced the factors to be

considered by a district court in deciding whether to exercise its discretion and appoint

counsel for an indigent litigant in a civil case.

Initially, the Tabron court noted that "the district court must consider as a

threshold matter the merits of the plaintiff's claim."  Tabron, 6 F.3d at 155. Next, if a

claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course,

a significant factor that must be considered in determining whether to appoint counsel."

Id. at 156.  "If it appears that an indigent plaintiff with a claim of arguable merit is

incapable of presenting his or her case, serious consideration should be given to the

appointment of counsel . . . and if such a plaintiff's claim is truly substantial, counsel

should ordinarily be appointed."  Id.  Further, under Tabron, the district court's decision

whether to appoint counsel should be "informed" by a consideration of the following

additional factors: the "difficulty of the particular legal issues;" "the degree to which

factual investigation will be required and the ability of the indigent plaintiff to pursue such

investigation;" whether a case is likely to turn on credibility determinations; whether

expert testimony is required; and whether the litigant is capable of retaining counsel on

his or her own behalf.  Id. at 156, 157 n.5; see also Montgomery v. Pichak, 294 F.2d

492, 499 (3d Cir. 2002).  Moreover, the Tabron court held that the "appointment of

-8-

counsel . . . may be made at any point in the litigation and may be made by the district court *sua sponte*."  Id. at 156.  Finally, the Tabron court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," id. at 157 n.6, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments:

> We also emphasize that volunteer lawyer time is extremely valuable.  Hence district courts should not request counsel under § 1915(d) indiscriminately.  As the Court of Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157.

Applying the relevant Tabron factors to Ruta's requests, I will deny his request for counsel without prejudice.  As noted above, I have just screened Ruta's complaint pursuant to 28 U.S.C. § 1915 and directed him to file an amended complaint.  Thus, as it now stands, there is no viable complaint in this matter, and consequently, I cannot evaluate the potential merit of Ruta's claims.  Once an amended complaint is filed, screened by the Court pursuant to 28 U.S.C. § 1915, and the defendant files a response, I will be in a better position to accurately assess the factual and legal bases of Ruta's case.  Furthermore, the brevity of information contained in Ruta's request for

counsel does not support any finding of special circumstances warranting the appointment of counsel in this matter.

Thus, Ruta's request for counsel will be denied without prejudice.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either sua sponte or upon a motion properly filed by Ruta.

An appropriate Order is attached.

# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KELLY F. RUTA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL NO. 3:CV-07-1832** |
| **v.** | : | |
| | : | **(JUDGE VANASKIE)** |
| **JOE MORRIS,** | : | |
| | : | |
| **Defendant.** | : | |

# O R D E R

  **AND NOW**, this **7th** day of **NOVEMBER**, **2007**, for the reasons set forth in the accompanying Memorandum, it is **ORDERED** that:

  1. Ruta's Motion for Leave to Proceed In Forma Pauperis (Dkt. Entry 7) is GRANTED.

  2. Ruta's claim of verbal assault against Counselor Morris is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for which relief can be granted.

  3. Within twenty (20) days of the date of this Order, Ruta may file an amended complaint, complete within itself, specifically defining the nature of the physical contact between Counselor Morris and himself as well as the nature and extent of any injuries he sustained.

  4. Failure to submit such an amended complaint will result in the dismissal of Ruta's complaint, without

prejudice.

5.      Ruta's October 16, 2007, letter (Dkt. Entry 5)
         requesting the appointment of counsel is
         construed as a Motion for Appointment of
         Counsel.

6.      Ruta's Motion for Counsel (Dkt. Entry 5) is
         denied without prejudice.

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

-2-